(No. 4822.    March 31, 1928.)

In the Matter of MELVIN FARNSWORTH, a Juvenile Delinquent Person, and O. CAMPBELL and MRS. O. CAMPBELL, the Parents and Natural Guardians of Said Delinquent Child.

[266 Pac. 421.]

C. M. Jeffery, for Appellants.

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

T. BAILEY LEE, J.—Melvin Farnsworth was informed against as a juvenile delinquent in the probate court in Bannock county. After detailing the alleged delinquency, the information charged that the child's parents through

inability and neglect had lost all control of him and were not fit and proper parties to retain his custody. A citation directed to the parents was served upon the mother. Both parents appeared at the hearing and testified. The court found that the parents were unable to control their son, that he was guilty of the acts of delinquency charged, and committed him to the State Industrial School. From this order the parents appealed to the district court, where their appeal was dismissed upon the ground that such order was not appealable; and the parents have in turn appealed to this court.

The state contends that under C. S., sec. 1023, the order of the probate court could be reviewed upon questions of law only, and that, the question of appellants' fitness being a question of fact, no review thereof was permitted by the statute. This contention was directly disposed of by *In re Sharp*, 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886, where in a unanimous decision the court said: "When the court undertakes to make any order or enter any judgment that is binding upon or affects the minor's legal representative, either removing him as guardian or adjudging and decreeing his incapacity or unfitness for the office, or affecting any of the property rights of the ward,—then and thereupon the parent or guardian must be duly and regularly brought into court and have his day in court, and from the judgment or order entered, has his right of appeal under sec. 4831, Rev. Stat."

The section referred to is now C. S., sec. 7173, which at the time of the appeal to the district court was still in full force and effect.

The order dismissing the appeal was therefore erroneous, and is hereby reversed with directions to reinstate the appeal.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.