300 P.2d 491

**STATE of Idaho, Appellant,**

**v.**

**In the INTEREST OF Walter LINDSEY, a Child under 18 Years of Age, Respondent.**

No. 8425.

Supreme Court of Idaho.

July 31, 1956.

242

Graydon W. Smith, Atty. Gen., Edward J. Aschenbrener, Asst. Atty. Gen., W. C. MacGregor, Jr., Pros. Atty., Grangeville, for appellant.

J. H. Felton and William J. Jones, Lewiston, for respondent.

ANDERSON, Justice.

July 16, 1955, a complaint was filed in justice court of the Grangeville Precinct, Idaho County, Idaho, charging respondent Walter Lindsey and one Watts with the crime of burglary in the night time. Watts waived preliminary hearing, was bound over to the district court, and is not involved in this appeal.

The justice court was advised that respondent was only 17 years of age, and upon motion of the prosecuting attorney his case was transferred to the Probate Court of Idaho County for proceedings against the respondent under the Youth Rehabilitation Act.

A petition was filed by Richard Seay, a peace officer, in the probate court, stating that Walter Lindsey came within the purview of the Youth Rehabilitation Act, Idaho Code title 16, chapter 18, 1955 Idaho Session Laws, chapter 259, in that he was a child who was alleged to have violated a state law within the meaning of I.C. sec. 16–1803, subsection (1) (c). It was then set out in the petition that the child was charged with having committed the crime of burglary in the night time by breaking and entering the Shell Service Station in Whitebird, Idaho County, Idaho, in the night time on July 16, 1955, with the intent to commit larceny, and a hearing was requested on said petition. The court made an order fixing the day for hearing, upon which due notice was given.

The accused filed objections, contending that he was in no respect subject to the jurisdiction of the probate court; that the act attempted to deprive the district court of jurisdiction of a felony, and that the act was unconstitutional. He further contended that he had a constitutional right to a preliminary hearing and a trial by jury, and to the benefit of the rules of evidence requiring corroboration of the testimony of an accomplice, also that he cannot be deprived of such rights by an act of the legislature or by an act of the probate court.

By asserting these constitutional rights he waived the benefits of the Youth Rehabilitation Act and his right to be treated thereunder as a juvenile delinquent.

The probate court made an order overruling the objections, and held a hearing, at the conclusion of which the probate court found that the accused was within the purview of the Youth Rehabilitation Act

"* * * in that he is a child who is alleged to have violated a state law within the meaning of Subsection (1) (c) of Section 16–1803 of said Act.

"That the facts and circumstances alleged in said Petition upon which the charge that said child is within the purview of the said Youth Rehabilitation Act are made and based are true."

The court found the accused to be a juvenile delinquent, and ordered that he be placed on probation to his parents, subject to certain probationary terms not involved in this appeal.

He took an appeal to the district court upon questions of both law and fact. The district court entered an order that I.C. sec. 16–1803(1) (c) of the Youth Rehabilitation Act is unconstitutional and void in that it attempted to grant jurisdiction of felonies to the probate court. This order was confined to this one issue. The order was reversed and the cause returned to the probate court with directions to dismiss the proceeding. The appellant then brought this appeal.

The question involved in this case is the constitutionality of part of section 16–1803 (1) (c) of the Youth Rehabilitation Act. It is contended that the act takes away jurisdiction of the district court in felony cases, and gives it to the probate court, where a child is involved, in violation of article 5, section 20, Idaho Constitution. It is further contended that the act is in violation of penal due process in that it takes away from the accused the right to a preliminary hearing, trial by jury, and the rule of evidence requiring corroboration of the testimony of an accomplice.

That portion of the act applicable here, I.C. sec. 16–1803, reads as follows:

"Except as otherwise provided herein and subject to the prior jurisdiction of a United States court, the [probate] court shall have exclusive jurisdiction in proceedings:

"1. Concerning any child living or found within the county:

* * * * * *

"c. who is alleged to have violated or attempted to violate any federal, state or local law or municipal ordinance * * *."

The preceding section defines "child" as a person less than 18 years of age.

Another section of the Youth Rehabilitation Act, I.C. sec. 16–1806, permits—but

does not require—the probate court to transfer a child offender to the district court for a felony prosecution if the probate court finds such procedure would be in the interest of the child or the public. On the other hand, if in the course of a felony prosecution in the district court it is found that the defendant was under the age of 18 at the time of the crime, the district court *must* transfer the case to the probate court under I.C. sec. 16–1804.

Article 5, section 20, of the Idaho Constitution provides:

"Jurisdiction of district court.—The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law."

Article 5, section 21, sets out jurisdiction of probate courts:

"The probate courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and appointment of guardians; also jurisdiction to hear and determine all civil cases wherein the debt or damage claimed does not exceed the sum of five hundred dollars, exclusive of interest, and concurrent jurisdiction with justices of the peace in criminal cases."

In 14 Am.Jur., Courts, sec. 18, p. 258, it is stated:

"* * * In most of the jurisdictions in which juvenile court legislation has been enacted, separate and distinct courts have not * * * been provided for, but the jurisdiction of the regular courts has been enlarged to cover the matters embraced in the legislation. *There must, of course, in such cases be no constitutional barrier to the court's acting on the subjects covered by the legislation."* (Emphasis added.)

The appellant relies on the case of Hewlett v. Probate Court, 66 Idaho 690, 168 P.2d 77, which is a three-to-two decision holding the former Idaho juvenile act constitutional, stating the minors involved in that case were being proceeded against as delinquents, not as felons, although they were alleged to have committed a series of burglaries.

Although article 5, section 20, of the Idaho Constitution vests in the district court original jurisdiction of felonies (in this case the crime of burglary in the night time), I.C. sec. 16–1803(1) (c) takes away such jurisdiction completely where persons under 18 are concerned. Under this section and I.C. sec. 16–1806, burglary by one under 18 years cannot be treated as a crime by the district court unless the probate court in effect gives its permission, al-

though under I.C. sec. 18–201(1) persons 14 years of age or older are capable of committing crimes.

■ The legislature, by denoting as a civil matter what the law has previously regarded as a felony, attempts to take away jurisdiction vested in the district court by the constitution itself, and has attempted to render that court powerless to do anything about the prosecution of such persons. The statutes discussed in the Hewlett case, supra, did not give the probate court such complete jurisdiction, as those statutes made an exception when the charge against the child was a felony. In other words, the earlier statutes did not make it mandatory that felony matters involving juveniles be taken before the probate court, as the present statute attempts to do.

It follows that I.C. sec. 16–1803(1) (c), insofar as it attempts to deprive the district court of such jurisdiction, is in violation of the Constitution of the State of Idaho in cases such as this where the accused waives the benefits of the act and asserts his right to be prosecuted under the criminal law. Boise City v. Better Homes, Inc., 72 Idaho 441, 243 P.2d 303.

Judgment affirmed.

TAYLOR, C. J., and KEETON and SMITH, JJ., concur.

BAKER, District Judge, dissents.