809 P.2d 1185

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Rodney Alfred SWENSON, Defendant–Respondent.**

No. 18455.

Court of Appeals of Idaho.

April 17, 1991.

Jim Jones, Atty. Gen., and James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Eugene D. Fredericksen, Jerome, for defendant-respondent.

SILAK, Justice.

The district court dismissed a felony charge of driving under the influence of alcohol, I.C. §§ 18–8004, 18–8005(3), because the sheriff's office had failed to record the arresting deputy sheriff's sworn official oath and his notice of appointment with the county recorder. The state appeals from the dismissal arguing that the

officer in question was, if not a *de jure* officer, at least a *de facto* sheriff's deputy. For the reasons stated below, we conclude that the case should not have been dismissed, and we reverse and remand.

A Gooding County deputy sheriff, Destry Sean Brown, arrested Rodney Swenson in the early morning hours of May 3, 1989.[1] Brown had observed Swenson weaving back and forth across his lane of travel. Brown followed Swenson for over a mile and observed Swenson narrowly miss colliding with a guard rail on the edge of the road. Brown stopped Swenson and further observed him having ambulatory difficulties as Swenson walked toward him. Brown smelled alcohol on Swenson's breath and saw that Swenson's eyes and face were red. Swenson failed four field sobriety tests. After he was arrested, Swenson refused to take a breath alcohol concentration test. The Gooding County prosecutor charged Swenson with felony driving under the influence.[2]

When Brown arrested Swenson, Brown was on duty, in uniform, and driving a Gooding County sheriff's department patrol car. Brown had been a deputy sheriff for approximately five months. During a preliminary hearing before the magistrate, Brown testified as to the circumstances of the arrest and also testified that the Gooding County sheriff had sworn him into office. Swenson objected to the admission of Brown's testimony, arguing that Brown had to be sworn in by the County Commissioners. The magistrate rejected this argument because, under I.C. § 31–2011, all county officers may administer and certify oaths. Based on Brown's testimony, the magistrate found that there was sufficient probable cause to bind Swenson over to the district court for trial.

Swenson subsequently filed a motion to dismiss the case, based upon the assertion that Brown's loyalty oath and documenta-

1. Brown left his employment with the sheriff's department approximately one month after the incident in question.

2. Rodney Swenson had either pled guilty or been convicted of driving under the influence of alcohol on two prior occasions within the past five years. I.C. § 18–8005(3).

tion of his appointment had not been filed in the county recorder's office. The district court concluded that Brown had made the arrest, and that neither his oath nor his appointment had been properly filed. The district court then summarily dismissed the case.

■ I.C.R. 48, which authorizes the district court to dismiss a criminal case, states in pertinent part:

> **Dismissal by the court.**—(a) Dismissal on motion and notice. The court, on notice to all parties, may dismiss a criminal action upon its own motion or upon motion of any party upon either of the following grounds: ...
>
> (2) For any other reason, the court concludes that such dismissal will serve the ends of justice and the effective administration of the court's business.

In reviewing a Rule 48 dismissal, our standard of review is whether the trial court erred as a matter of law in dismissing the criminal action. *See, e.g., State v. Swartz,* 109 Idaho 1033, 1035, 712 P.2d 734, 736 (Ct.App.1985).

We turn to the question whether failure to file the loyalty oath and the appointment in the county recorder's office precludes a deputy sheriff from assuming his official role and from testifying about an arrest made in his capacity as a deputy sheriff. The State concedes that the required filings did not occur. A deputy sheriff's official oath must be filed in the county recorder's office. I.C. § 59–406 states: "[d]eputies, clerks and subordinate officers must take and file an official oath before entering upon their duties." Additionally, I.C. § 31–2007 requires the documentation and filing of the appointment of all county deputies and subordinate officers with the county recorder. Although the lack of filing prevents Brown from being an officer *de jure,* he may still be a *de facto* deputy sheriff. In *State v. Whelan,* 103 Idaho 651, 655, 651 P.2d 916, 920 (1982), our Supreme Court defined an officer *de facto:*

> An officer *de facto* is one who actually assumes and exercises the duties of a public office under color of a known and authorized appointment or election, but who has failed to comply with all the requirements of the law prescribed as a precedent to the performance of the duties of the office. [Citations omitted]. A *de facto* officer performs his duties under color of right of an actual officer qualified in law so to act, both being distinguished from the mere usurper who has neither lawful title nor color of right. [Citation omitted].

■ To determine whether Brown was a *de facto* officer, we have considered testimony at the preliminary hearing which established that Brown had been appointed by the Gooding County sheriff; that the Gooding County sheriff administered an official oath to Brown; that Brown was employed as a deputy; that he was on duty, in a patrol car, and in uniform when he stopped and arrested Swenson; and that, after arresting Swenson, he took him to the sheriff's office where he requested that Swenson take a blood alcohol concentration test, booked him, and seized his driver's license. Thus, the record indicates that Brown was clothed with substantial indicia of authority. We conclude that Brown was a *de facto* officer when he stopped and arrested Swenson. *De facto* officers act with the same powers and duties of the office as *de jure* officers. *See Gasper v. District Court,* 74 Idaho 388, 394, 264 P.2d 679, 682 (1953). Among the powers of a deputy sheriff are the powers to arrest, collect evidence, and to testify about the evidence. *See Matter of Griffiths,* 113 Idaho 364, 369, 744 P.2d 92, 97 (1987). Thus, as a *de facto* officer, Brown had the authority to stop and arrest Swenson. He also had the authority to testify regarding that arrest.

We hold that Brown was a *de facto* deputy sheriff who was competent to testify regarding Swenson's arrest. The district court erred as a matter of law in dismissing the criminal case. Accordingly, we reverse the order of dismissal and remand the case for further proceedings.

WALTERS, C.J., and SWANSTROM, J., concur.