848 P.2d 440

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roger Leroy BURCHARD, Defendant–Appellant.**

**No. 19378.**

Court of Appeals of Idaho.

March 2, 1993.

Schiller & Schiller, Nampa, for defendant-appellant. James A. Schiller argued.

Larry EchoHawk, Atty. Gen., Fred C. Goodenough, Deputy Atty. Gen., argued, for plaintiff-respondent.

1. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (plea where defendant admits that the state can probably

**SWANSTROM, Judge.**

Roger Burchard entered an *Alford*[1] plea to two counts of securities fraud. The plea was the result of an agreement reached with the prosecutor's office that the state would dismiss counts II, III, and IV in exchange for a guilty plea on counts I and V. Through his conditional plea of guilty, pursuant to I.C.R. 11(a)(2), Burchard specifically reserved the right to appeal the district court's denial of his motion to dismiss. He timely appealed from the judgment of conviction in this case. We affirm.

The charges against Burchard stemmed from his activities while in the employ of the John Hancock Life Insurance Company (John Hancock). Burchard purportedly solicited funds from customers for the purpose of investing on their behalf in mutual funds owned and managed by John Hancock. However, in a scheme to deceive and defraud, he took the funds and converted them to his own use. The earliest of these fraudulent acts took place in November, 1985, and continued into February, 1986, including the diversion of monies intended for investments and the forgery of checks and insurance documents to obtain money for his personal use.

In April, 1988, a stipulation for judgment and a permanent injunction preventing Burchard from carrying on the sale or offer of any securities in Idaho was entered in a civil action brought against Burchard by the State of Idaho, Department of Finance. Following that action, the department contacted the Canyon County Prosecuting Attorney, relative to the prosecution of criminal charges against Burchard. In July, 1990, a grand jury indicted Burchard on five counts of securities fraud. Burchard entered a plea of not guilty to all of the charges and thereafter filed a motion to dismiss.

The grounds for Burchard's motion to dismiss were three-fold. Burchard contended that his crimes were governed by the three-year statute of limitation applicable to all felonies, I.C. § 19–402, not the

prove guilt beyond a reasonable doubt, but where defendant denies, *e.g.,* the element of specific intent).

longer five-year statute of limitation, I.C. § 30–1443, a section of the Idaho Securities Act providing for criminal punishment for violations of the Act.[2] Because the indictment was filed beyond the three-year general limitation period, he contended that the case should be dismissed. Second, Burchard argued that his crimes were mischaracterized as securities violations and, had they been properly defined as forgery, theft and embezzlement, they should be dismissed on the statute of limitation defense. Third, Burchard asserted that I.C.R. 48(a)(1) provides for the dismissal of a charge when there is unnecessary delay in presenting the charge for prosecution. Because the crimes were alleged to have been committed in 1985 and 1986, and no charges were submitted to the grand jury until July, 1990, Burchard contended that dismissal under the rule was required.

The district judge denied Burchard's motion to dismiss. The judge concluded that the specific statute of limitation controlled over the general felony statute of limitation. He also concluded that the alleged offenses involved a solicitation to buy a security or interest in a security and, therefore, were within the crimes described in the Idaho Securities Act. Finally, the district judge determined that the delay between the commission of the offenses and the prosecution, although unexplained and unreasonable, was not sufficient to warrant a dismissal in the absence of definite proof of prejudice by Burchard.

■ Burchard challenges these rulings which accompanied the denial of his motion to dismiss. On appeal from the denial of such a dismissal motion on the basis of a statute of limitation, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

■ In his first assignment of error, Burchard reasserts that the three-year general statute of limitation regarding all felonies is applicable in his case and should result in dismissal of the charges against him which were filed beyond the prescribed three-year period. He argues that the conflict between I.C. § 19–402 and I.C. § 30–1443 with differing limitation periods should be resolved by interpreting a criminal statute of limitation in favor of the accused. He also argues that, because I.C. § 19–402 does not contain language found in other statutes, such as "except as otherwise provided by law," it should not be discarded in favor of the specific statute of limitation.

■ The thrust of Burchard's argument is that civil statutes of limitation differ in purpose from criminal statutes of limitation and, accordingly, rules of statutory construction can only be applied to the civil statutes. We find this conclusion untenable. We also reject Burchard's interpretation of the statutory construction principle that criminal statutes are to be strictly construed in favor of the accused so as to apply I.C. § 19–402 and dismiss the indictment against him which was filed after the expiration of the three-year statute of limitation.

It has been held that there is no occasion for construction where the language of a statute is unambiguous, and that the clear, expressed intent of the legislature must be given effect. *Sherwood v. Carter*, 119 Idaho 246, 805 P.2d 452 (1991); *Sweeney v. Otter*, 119 Idaho 135, 804 P.2d 308 (1990). With the enactment of the Idaho Securities Act in 1967, it became unlawful for any person, in connection with the offer, sale or purchase of any security, either directly or indirectly, to engage in any act, practice or course of business which operates as a fraud or deceit upon any person. I.C. § 30–1403. The securities violation was further described as a felony, which is governed by a five-year statute of limitation. I.C. § 30–1443. The general statute of limitation for felonies, I.C. § 19–402, is three years.

In this case, both statutes are potentially applicable. *See* I.C. § 30–1445 (punishment under the Act not exclusive). In constru-

---

**2.** Idaho Securities Act, 1967 Idaho Sess.Laws, ch. 394, p. 1127, as amended, is now codified as Idaho Code §§ 30–1401—1458.

ing a statute of limitation, our Supreme Court has held that the specific statute will prevail over the general statute, when the two are inconsistent. *Farmers Nat'l Bank v. Wickham Pipeline Constr.*, 114 Idaho 565, 569, 759 P.2d 71, 75 (1988); *Maxwell v. Cumberland Life Ins. Co.*, 113 Idaho 808, 748 P.2d 392 (1987); *Mickelsen v. City of Rexburg*, 101 Idaho 305, 612 P.2d 542 (1980). *See also State v. Paul*, 118 Idaho 717, 720, 800 P.2d 113, 116 (Ct.App.1990); 51 AM.JUR.2d *Limitation of Actions* § 49 at 629–30 (1970). Furthermore, none of the authorities cited by Burchard support his choice between the conflicting criminal statutes of limitation.

■ The purposes of a criminal statute of limitation are to protect an individual from having to defend himself against charges when the basic facts may have been obscured by the passage of time, to minimize the danger of official punishment for acts in the far-distant past and, collaterally, to encourage the prompt investigation of criminal activity. *See United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Presumably, our legislature determined that these objectives would be served by a five-year period after which prosecution for securities violations would be barred. At the time of Burchard's indictment, the five years had not expired, and we see no reason to exempt Burchard from the application of I.C. § 30–1443. This interpretation also complies with the primary rule of statutory construction that statutes are to be interpreted, if possible, so as to give meaning to both and not to have one nullify the other. *Maxwell v. Cumberland Life Ins. Co.*, 113 Idaho at 814, 748 P.2d at 397, *citing State v. Creech*, 105 Idaho 362, 670 P.2d 463 (1983). Therefore, we are in accord with the district court's application of I.C. § 30–1443 as the relevant statute of limitation in this case.

■ Burchard next argues on appeal that the district court erred in not dismissing the case against him for unnecessary delay as provided in I.C.R. 48(a)(1), which is modeled on Federal Criminal Procedure Rule 48. Burchard contends that the fed-

eral rule applies only to the delay between an arrest and the time of indictment, and because indictment is not widely used in Idaho, the federal case law which requires a showing of prejudice from the delay should not be followed. However, he argues that the rule should be applied to dismiss his case where he was faced with a pre-arrest delay of twenty-seven months between the time the action was first referred to the prosecutor and the date of the indictment.

Idaho Criminal Rule 48 provides that the court may dismiss a criminal action on its own motion or upon motion of any party for any unnecessary delay in presenting the charge to the grand jury or if an information is not filed within the time period prescribed by Rule 7(f) of these rules, or for unnecessary delay in bringing the defendant to trial. I.C.R. 48(a)(1). Dismissal by the court for delay in prosecution is discretionary. *U.S. v. Aberson*, 419 F.2d 820 (2nd Cir.1970), *cert. denied*, 397 U.S. 1066, 90 S.Ct. 1497, 25 L.Ed.2d 687 (1970) (standard of review of dismissal under Federal Criminal Procedure Rule 48(b), from which I.C.R. 48(a)(1) is derived). *Compare State v. Swenson*, 119 Idaho 706, 809 P.2d 1185 (Ct.App.1991), *citing State v. Swartz*, 109 Idaho 1033, 1035, 712 P.2d 734, 736 (Ct.App.1985) (free review of dismissal order under I.C.R. 48(a)(2), (b) and (c)).

Without the benefit of case law discussing section (a) of the Idaho rule, we consider the federal cases interpreting the similar provision of the federal rule. *See Doe v. Durtschi*, 110 Idaho 466, 473, 716 P.2d 1238, 1245 (1986) (presumption that when legislature adopts the statute of another jurisdiction, it also adopts prior construction of that statute by courts of the other jurisdiction). We hereby adopt the interpretation of section (b) of the federal rule that dismissal for unnecessary delay is limited to post-arrest situations. *Marion*, 404 U.S. at 319, 92 S.Ct. at 463. The Court went on to say that the primary safeguard against pre-indictment delay is the relevant statute of limitation. 404 U.S. at 322, 92 S.Ct. at 464. Because in this case the claim was unreasonable delay by the prosecutor's

office in bringing the charges, any dismissal by the district judge on the basis of I.C.R. 48 would have been plain error. We conclude that the district court acted within its discretion in denying the motion to dismiss.

 Burchard asserts that a showing of prejudice is not required under Rule 48, but he nevertheless contends that he was prejudiced by the pre-indictment delay, during which time receipts that were key to his defense were lost by John Hancock after it had seized his files. Therefore, we will consider whether the prejudicial pre-indictment delay in Burchard's case impaired his ability to defend himself and thus, was a violation of his due process rights under the Fifth and Fourteenth Amendments.

Following the reasoning in *Marion,* the Idaho Supreme Court held that

> before a due process violation can be found as to pre-accusatory delay, a defendant must show that such delay caused substantial prejudice to defendant's right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.

*State v. Kruse,* 100 Idaho 877, 879, 606 P.2d 981, 983 (1980), *citing State v. Wilbanks,* 95 Idaho 346, 509 P.2d 331 (1973). The Court later held that only prejudice that was actual and definite, not speculative, would satisfy the first prong of the two-part analysis. *State v. Murphy,* 99 Idaho 511, 584 P.2d 1236 (1978). *See also U.S. v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977) (explaining *U.S. v. Marion, supra* ). Although there is an implication in *Murphy* that loss of evidence—the prejudice complained of by Burchard—could constitute "substantial prejudice," a want of proof that the prosecutor's conduct was designed to gain tactical advantage cuts off the analysis. We conclude that Burchard's claim of prejudice from the pre-accusatory delay is insufficient of itself to establish a due process violation. Accordingly, we hold that the pre-indictment delay in this case was not cause for dismissal of the charges against Burchard.

We conclude that the district court did not err in denying Burchard's motion to dismiss. Accordingly, we affirm the judgment of conviction.

WALTERS, C.J., and SILAK, Acting Judge, concur.