79 P.3d 715

**Michael L. & Christine K. BEALE, Plaintiffs–Appellants,**

v.

**STATE of Idaho, DEPARTMENT OF LABOR, Roger B. Madsen, Director, Defendant–Respondent.**

No. 27493.

Supreme Court of Idaho, Lewiston, October 2003 Term.

Oct. 29, 2003.

Miller Smith–Hill & Associates, Moscow, for appellants. Cynthia L. Miller argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Sherman F. Furey, III, argued.

EISMANN, Justice.

This is an appeal from a judgment dismissing the complaint, which sought to enjoin the enforcement of a lien for unpaid unemployment insurance contributions on the ground that the filing of the lien was barred by the statute of limitations. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

Michael and Christine Beale (the Beales) operated two businesses in Lewiston, Idaho, known as Chris Beale's Day Care Center and Chuck's Auto Sales. An employee at the car lot named Charles Borland quit, and on August 29, 1990, he filed a claim for unemployment benefits. The Department sent the Beales a notice that their account was chargeable for experience rating purposes on benefits paid to Borland, and the Beales protested that determination on the ground that Borland was not an employee.

While reviewing Borland's claim, the Department of Employment, which has since been renamed the Department of Labor,[1] (the Department) decided to conduct a formal investigation and audit of both businesses to determine whether the Beales owed employer contributions for unemployment compensation. During its investigation, the Department determined that there were several persons employed at both of the Beales' businesses for whom the Beales had not reported earnings and paid employer contributions.

On November 19, 1990, a formal audit report was filed with the Department, and a copy was served upon the Beales. The Beales disputed the audit findings, and on January 3, 1991, the Department issued a formal status determination, which concluded that the workers, including Borland, were employees. The Beales appealed, and on October 9, 1992, the appeals examiner issued his decision affirming the status determination and holding that Borland left work voluntarily with good cause connected with employment and that the Beales' employer's account was chargeable for experience rating purposes. The Beales appealed that decision to the Idaho Industrial Commission (the Commission), which on September 10, 1993, issued a decision and order affirming the decision of the appeals examiner. The Beales then appealed to this Court, which dismissed the appeal because the agency action was not final until the Commission determined the period and amount of liability for the unemployment contributions. The Commission remanded the matter to the Department to determine those remaining issues.

On May 4, 1995, the Department issued a revised status determination, which concluded that the Beales were liable for unemployment contributions and late penalty in the sum of $3,171.05 for the period from January 1, 1987 through June 30, 1990. The Beales appealed, and the matter was heard by an appeals examiner. On August 29, 1990, the appeals examiner issued her opinion holding that the statute of limitations limited the Beales' liability to the period from October 1, 1987 through June 30, 1990, and that the total amount they owed was the sum of $2,367.73. The Beales appealed that decision to the Commission, which, on June 6, 1996, issued its decision and order affirming the appeals examiner. The Beales then appealed to this Court. By an opinion issued on December 24, 1997, we upheld the orders of the Commission except the order determining the amount of unemployment contributions the Beales owed. We vacated that determination and remanded this matter to the Commission for recalculation of that amount. *Beale v. State, Dept. of Employment,* 131 Idaho 37, 951 P.2d 1264 (1997).

The Commission remanded this matter back to the Department to recalculate the amounts owed by the Beales. On November 5, 1998, the Department issued a revised

---

1. Ch. 421, §§ 2–5, 1996 Idaho Sess. Laws 1406, 1409–1414.

status determination finding that the Beales owed a total of $2,351.21 in unemployment insurance contributions and late penalty. The Beales did not appeal that determination. After the time for appeal had run and the Beales refused to pay the amount due, the Department filed a notice of lien with the Secretary of State on July 13, 1999, pursuant to Idaho Code § 72–1360.

The Department then sought to enforce its lien by garnishing the Beales' bank account. In response, on March 16, 2000, the Beales filed this action seeking to have the lien declared void and to enjoin the Department from further attempts to collect the sum claimed due. The Beales contended that the lien was filed after the statute of limitations had run. The Department moved for summary judgment, and, after a hearing, the district court granted the motion and dismissed the Beales' complaint. The Beales then timely appealed to this Court.

## II. ISSUES ON APPEAL

A. Did the district court err in holding that the filing of the lien by the Department of Labor was not barred by the statute of limitations?

B. Is the Department of Labor entitled to an award of attorney fees on appeal?

## III. ANALYSIS

**A. Did the District Court Err in Holding that the Filing of the Lien by the Department of Labor Was Not Barred by the Statute of Limitations?**

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Infanger v. City of Salmon*, 137 Idaho 45, 44 P.3d 1100 (2002). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admis-

sions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id.*

When the Department determined that the Beales owed unemployment insurance contributions, it could have sought to collect such sums either by filing a lawsuit under Idaho Code § 72–1355 or by commencing administrative proceedings under Idaho Code § 72–1353.[2] To collect the sums owing from the Beales, the Department chose to institute administrative proceedings. Upon the conclusion of those proceedings, it then filed a notice of lien as provided in Idaho Code § 72–1360.

The Beales contend that the lien filed by the Department was barred by Idaho Code § 5–218(1), which provides that "[a]n action upon a liability created by statute, other than a penalty or forfeiture" must be commenced within three years. That statute is included in Chapter 2 of Title 5, Idaho Code. Chapter Two only provides time limitations for the commencement of civil actions. Idaho Code § 5–201 provides: "Civil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute." The reference to "civil actions" means proceedings instituted in a court of law. Idaho Code § 5–228 provides, "An action is commenced within the meaning of the chapter when the complaint is filed."

That "civil actions" means proceedings commenced in a court of law is further shown by Chapter 1 of Title 5, which was entitled "Form of Actions." It used to provide:

5–101. **One form of civil action.**— There is in this state but one form of civil actions for the enforcement or protection of private rights and redress or prevention of private wrongs: provided, that in all

**2.** Idaho Code § 72–1355, as it existed in 1990, can be found at Ch. 144, § 55, 1949 Idaho Sess. Laws 252, 281–82. Idaho Code § 72–1353, as it existed in 1990, can be found at Ch. 57, § 3, 1989 Idaho Sess. Laws 78, 81.

matters not regulated by this code, in which there is any conflict or variance between the rules of equity jurisprudence and the rules of the common law, with reference to the same matter, the rules of equity shall prevail.

5–102. Parties designated.—In such actions the party complaining is known as the plaintiff, and the adverse party as the defendant.

5–103. Trial of special issues.—A question of fact not put in issue by the pleadings may be tried by a jury upon an order for the trial, stating distinctly and plainly the question of fact to be tried; and such order is the only authority necessary for a trial.

IDAHO CODE ANNOT. §§ 5–101 through 5–103 (1932). Those same statutory provisions existed before statehood, with the only difference being the word "state" in § 5–101 was "Territory." REV. STAT. OF IDAHO TERR. §§ 4020–4022 (1887). In 1975 they were repealed as being procedural statutes in conflict with or covered by rules adopted by the Idaho Supreme Court on procedural matters. Ch. 242, 1975 Idaho Sess. Laws 651. The remainder of Title 5 also dealt exclusively with court proceedings, such as the parties to actions (Chapter 3), the place of trial of actions (Chapter 4), the commencement of actions and the service of process (Chapter 5), the pleadings (Chapter 6), the signature and verification of pleadings (Chapter 7), the general rules of pleadings (Chapter 8), and variance between the allegation in a pleading and proof, mistakes in pleadings, and amending pleadings (Chapter 9). IDAHO CODE ANNOT. §§ 5–301 through 5–907 (1932); REV. STAT. OF IDAHO TERR. §§ 4090–4231 (1887).

■ Although the Beales argue that a lien filed with the Secretary of State under Idaho Code § 72–1360 is the commencement of a civil action, they offer no authority or argument to support that contention. In *Brown v. Hawkins*, 66 Idaho 351, 158 P.2d 840 (1945), we held that the general statute of limitations did not apply to the issuance of a writ of execution because it was neither an action nor a special proceeding of a civil nature.[3] Thus, the district court did not err in holding that the filing of the lien was not barred by Idaho Code § 5–218.

■ The Beales also argue that the Department charged excessive penalties and interest on the amount that they owe. They contend that the district court erred in holding that the correct amount they owed was $4,150.00. That issue was never presented to or decided by the district court. Therefore, we do not address it.

## B. Is the Department of Labor Entitled to an Award of Attorney Fees on Appeal?

■ The Department requests attorney fees under Idaho Code § 12–121. Attorney fees can be awarded on appeal under that statute only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Gustaves v. Gustaves*, 138 Idaho 64, 57 P.3d 775 (2002). The appeal in this case meets that criteria. The essence of this appeal was the Beales' contention that the filing of a lien with the Secretary of State constituted the commencement of a civil action. The Beales not only did not cite any authority to support that argument, but they did not present any reasoned argument as to how the filing of such lien could be construed to be the commencement of a civil action. Therefore, we award the Department attorney fees on appeal pursuant to Idaho Code § 12–121.

---

**3.** Idaho Code § 5–240 also provides, "The word 'action' as used in this chapter is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature." We have previously held that a special proceeding of a civil nature includes a petition for a writ of mandate, *Fenton v. King Hill Irr. Dist.*, 67 Idaho 456, 186 P.2d 477 (1947); juvenile delinquency proceedings, *Hewlett v. Probate Court of Clearwater County*, 66 Idaho 690, 168 P.2d 77 (1946); habeas corpus proceedings involving the custody of a child, *Jain v. Priest*, 30 Idaho 273, 164 P. 364 (1917); eminent domain proceedings, *Portneuf Irrigating Co. v. Budge*, 16 Idaho 116, 100 P. 1046 (1909); election contests, *Toncray v. Budge*, 14 Idaho 621, 95 P. 26 (1908); and the appointment of an administrator for an estate, *Gwinn v. Melvin*, 9 Idaho 202, 72 P. 961 (1903). We have never held that a special proceeding of a civil nature includes administrative proceedings, and it clearly would not.

## IV. CONCLUSION

The judgment of the district court is affirmed. Costs on appeal, including attorney fees, are awarded to the Department.

Justices SCHROEDER, KIDWELL, BURDICK, and Justice Pro Tem HOSACK concur.