**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 40369**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Twin Falls, November 2013 Term** |
| Plaintiff-Appellant, | ) | |
| | ) | **2014 Opinion No. 15** |
| v. | ) | |
| | ) | **Filed: February 10, 2014** |
| JOHN (2012-10) DOE, | ) | |
| | ) | **Stephen Kenyon, Clerk** |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge. Hon. Thomas H. Borresen, Magistrate Judge.

The district court's decision affirming the juvenile court's holding that it lacked jurisdiction to rule on the State's waiver motion is <u>reversed</u>.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Twin Falls County Public Defender's Office, Twin Falls, for respondent. Wade F. Hyder argued.

_____

HORTON, Justice.

This is an appeal from the district court acting in its appellate capacity. The State appeals the district court's decision affirming the magistrate court's holding that it did not have jurisdiction over John (2012-10) Doe because he was twenty-one years of age when the State filed its petition in juvenile court. We reverse the decision of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2011, the Twin Falls County Prosecutor filed a petition with the magistrate court, juvenile division, alleging that Doe committed three counts of lewd conduct with a minor between August 1, 2004, and February 28, 2005. At the time of the alleged acts, Doe, born in August of 1988, was a minor. However, at the time the petition was filed and served on Doe he was twenty-two years old.

1

On July 7, 2011, Doe appeared before the juvenile court for an admit/deny hearing. At that time, the State gave oral notice of its intention to ask the magistrate judge to waive Doe's case into adult criminal court. On July 21, 2011, the State filed the promised motion. In response, Doe filed a motion to dismiss the petition, asserting the juvenile court lost jurisdiction when he turned twenty-one.

The magistrate court set a hearing for August 18, 2011, to address both the State's waiver motion and Doe's motion to dismiss. At the motion hearing, an argument arose between the parties regarding which motion the court should consider first. Unsure how to proceed, the juvenile court granted both parties a continuance and re-set the hearing for September 29, 2011. Ultimately, the court decided to address Doe's motion to dismiss first. After argument on Doe's motion to dismiss concluded, the magistrate judge took the matter under advisement and reserved ruling on the State's waiver until after deciding the motion to dismiss.

On November 4, 2011, the magistrate court issued its Memorandum Decision and Order granting Doe's motion to dismiss. The court determined that although it had initial jurisdiction in the matter pursuant to I.C. § 20-505, it did not retain jurisdiction in the case because I.C. § 20-507 terminated the court's jurisdiction over Doe when he attained twenty-one years of age. The State appealed to the district court.

The district court heard oral argument on August 20, 2012, took the matter under advisement, and issued its Memorandum Opinion Re: Appeal from Juvenile Court on August 21, 2012. The district court affirmed the magistrate court's decision. The State timely appealed to this Court.

## II. STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). Thus, this Court does not review the decision of the magistrate court. *Id.* "Rather, we are 'procedurally

bound to affirm or reverse the decisions of the district court.'" *Id.* (quoting *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 n.1 (2009)).

Prior to *Losser*, when this Court reviewed a district court acting in its appellate capacity the standard of review was: "when reviewing a decision of the district court acting in its appellate capacity, this Court will review the record and the magistrate court's decision independently of, but with due regard for, the district court's decision." *Losser*, 145 Idaho at 672, 183 P.3d at 760. After *Losser*, this Court does not directly review a magistrate court's decision. *Id.* Rather, it is bound to affirm or reverse the district court's decision. *See Bailey*, 153 Idaho at 529, 284 P.3d at 973; *Korn*, 148 Idaho at 415, 224 P.3d at 482 n.1.

*Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–18 (2013).

Additionally, "[t]his Court freely reviews the interpretation of a statute and its application to the facts." *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 755, 203 P.3d 683, 685 (2009) (citing *State v. Yzaguirre*, 144 Idaho 471, 474, 163 P.3d 1183, 1186 (2007)). "Whether a court lacks jurisdiction is a question of law … over which appellate courts exercise free review." *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004) (citation omitted).

### III. ANALYSIS

**A. The Juvenile Corrections Act.**

This appeal presents a pure question of law; there are no issues of disputed fact raised by the parties. Specifically, this appeal requires this Court to analyze several statutes from Idaho's Juvenile Corrections Act (JCA), I.C. §§ 20-501 to 549.

The first relevant statute is I.C. § 20-505, titled Jurisdiction, which provides that a juvenile court "shall have exclusive, original jurisdiction over any juvenile and over any adult who was a juvenile at the time of any act, omission or status."

The second relevant statute is I.C. § 20-507, which works in conjunction with I.C. § 20-505. Titled Retention of Jurisdiction, I.C. § 20-507 provides:

Jurisdiction obtained by the court in the case of a juvenile offender shall be retained by it for the purposes of this act until he becomes twenty-one (21) years of age, unless terminated prior thereto. If a juvenile offender under the jurisdiction of the court and after attaining eighteen (18) years of age, is charged with a felony, he shall be treated as any other adult offender. If a person eighteen (18) years of age or older already under court jurisdiction is convicted of a felony, that conviction shall terminate the jurisdiction of the court, provided however, nothing herein contained shall prohibit any court from proceeding as provided in section 20-508(2), Idaho Code.

The third relevant statute is I.C. § 20-508(2). This provision, referenced in I.C. § 20-507, addresses waiver of the magistrate court's jurisdiction under the JCA and transfer to other courts. Specifically, I.C. § 20-508(2) provides:

> A motion to waive jurisdiction under the juvenile corrections act and prosecute a juvenile under the criminal law may be made by the prosecuting attorney, the juvenile, or by motion of the court upon its own initiative. The motion shall be in writing and contain the grounds and reasons in support thereof.

Within the JCA, "'Juvenile' means a person less than eighteen (18) years of age or who was less than eighteen (18) years of age at the time of any alleged act, omission or status." I.C. § 20-502(10).

## B. The district court erred in affirming the magistrate court's decision that it lacked jurisdiction to waive Doe into adult criminal court.

The juvenile court found that it had "initial jurisdiction" over Doe under I.C. § 20-505 because, even though Doe was an adult when the petition was filed, he was a juvenile at the time of the alleged lewd conduct. Despite having initial jurisdiction, the juvenile court concluded that it did not retain jurisdiction over Doe based on the plain language of I.C. § 20-507 and this Court's opinion in *State v. Doe*, 147 Idaho 326, 208 P.3d 730 (2009). Accordingly, the juvenile court granted Doe's motion to dismiss.

On intermediate appeal, the district court affirmed the juvenile court's decision to grant Doe's motion to dismiss. The district court found that I.C. § 20-505 conferred jurisdiction on the juvenile court because Doe was a juvenile at the time the alleged criminal acts occurred. However, despite having initial jurisdiction, the district court concluded that the juvenile court lost jurisdiction over Doe once he turned twenty-one. Like the magistrate court, the district court relied on the plain language of I.C. § 20-507 and this Court's opinion in *Doe* to hold that jurisdiction was terminated. With respect to I.C. § 20-507's last clause, which states that "nothing herein contained shall prohibit any court from proceeding as provided in [I.C. § 20-508(2)]," the district court concluded that the quoted language only modifies I.C. § 20-507's last sentence, not the statute as a whole. Thus, the district court held that when the court's jurisdiction under the JCA is terminated due to an offender reaching age twenty-one, the juvenile court cannot proceed under I.C. § 20-508(2).

On appeal to this Court, the State argues that the district court erred in affirming the magistrate court's decision that it lost jurisdiction to rule on the State's waiver motion after finding that Doe was twenty-two years old. The State relies on the last clause of I.C. § 20-507

4

which provides that "nothing herein contained shall prohibit any court from proceeding as provided in [I.C. § 20-508(2)]." Based on this final clause and its reference to I.C. § 20-508(2), which addresses waiver, the State argues that even if the court did not retain jurisdiction in full, it still had authority to rule on the State's waiver motion. The State argues that the last clause of I.C. § 20-507 applies to the statute as a whole, not just the last sentence as the district court held.

"This Court freely reviews the interpretation of a statute and its application to the facts." *St. Luke's Reg'l Med. Ctr., Ltd.*, 146 Idaho at 755, 203 P.3d at 685 (citing *State v. Yzaguirre*, 144 Idaho 471, 474, 163 P.3d 1183, 1186 (2007)). "The objective of statutory interpretation is to give effect to legislative intent." *Yzaguirre*, 144 Idaho at 475, 163 P.3d at 1187 (citing *Robison v. Bateman–Hall*, 139 Idaho 207, 210, 76 P.3d 951, 954 (2003)). "The interpretation of a statute 'must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written.'" *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)). "We have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *Id.* (quoting *City of Sun Valley v. Sun Valley Co.*, 123 Idaho 665, 667, 851 P.2d 961, 963 (1993)).

Neither party argues that any of the statutory provisions at issue in this case are ambiguous, nor do they appear to be ambiguous to this Court. Accordingly, the plain language of I.C. §§ 20-505, 507, and 508 guide our analysis in this case.

### 1. Idaho Code § 20-507 terminated the magistrate court's general jurisdiction under the JCA.

Idaho's juvenile courts have "exclusive, original jurisdiction over any juvenile and over any adult who was a juvenile" at the time an alleged crime was committed. I.C. § 20-505. However, "[j]urisdiction obtained by the court in the case of a juvenile offender shall be retained by it for the purposes of this act until he becomes twenty-one (21) years of age, unless terminated prior thereto." I.C. § 20-507. "The plain language of [I.C. § 20-507] indicates that a juvenile court ceases to retain jurisdiction, i.e., jurisdiction is terminated, once the juvenile reaches twenty-one years of age." *Doe*, 147 Idaho at 329, 208 P.3d at 733.

In this case, the juvenile court had "exclusive, original jurisdiction" over Doe pursuant to I.C. § 20-505 because Doe was a minor when he allegedly committed three counts of lewd

5

conduct. However, the court's general jurisdiction under the JCA was terminated by operation of I.C. § 20-507's first sentence because Doe was twenty-two years old when the State filed its petition. This conclusion, however, does not address the authority of the court to rule on a motion to waive juvenile jurisdiction and to transfer the proceedings to an adult criminal court.

### 2. Idaho Code § 20-507 grants juvenile courts limited jurisdiction to rule on waiver motions even where the court's jurisdiction under the JCA has been terminated.

Idaho Code § 20-507 outlines two specific scenarios in which the magistrate court's jurisdiction under the JCA is terminated. The first sentence, as discussed above, clearly indicates that the court's jurisdiction is terminated when the offender attains twenty-one years of age. The second and third sentences address the juvenile court's jurisdiction over individuals that are older than eighteen but younger than twenty-one. The second sentence states that juveniles between eighteen and twenty-one who are charged with a felony are to be treated as adults. The third sentence provides that the court's jurisdiction over a juvenile aged between eighteen and twenty-one is terminated upon a felony conviction.

The last clause of I.C. § 20-507 provides, "nothing herein contained shall prohibit any court from proceeding as provided in [I.C. § 20-508(2)]." The phrase "nothing herein" clearly relates to the entire code section, rather than the single terminating circumstance addressed by the final sentence. The result found by the district court effectively rewrites "provided however, nothing herein contained shall prohibit" to "provided however, this shall not prohibit." We conclude that the plain language of I.C. § 20-507's last clause allows a court to "proceed" under I.C. § 20-508(2) even if one of the jurisdiction-terminating events listed in I.C. § 20-507 comes to pass. Under I.C. § 20-508(2) "[a] motion to waive jurisdiction under the juvenile corrections act and prosecute a juvenile under the criminal law may be made by the prosecuting attorney, the juvenile, or by motion of the court upon its own initiative." When read in context, I.C. § 20-507's last clause, teamed with its incorporation of I.C. § 20-508(2), demonstrates clear legislative intent to permit juvenile courts to entertain waiver motions, even if the court otherwise lacks jurisdiction under the JCA.

Because none of the jurisdiction-terminating events listed in I.C. § 20-507 prevent the court from considering the prosecutor's motion for waiver under I.C. § 20-508(2), we find that despite losing general jurisdiction under the JCA in this case, the juvenile court retained limited jurisdiction to decide whether to waive Doe into adult criminal court. Because I.C. § 20-507 carves out limited jurisdiction for juvenile courts to waive juvenile offenders into adult court,

notwithstanding the termination of jurisdiction under the JCA, the district court erred in affirming the magistrate court's holding in this case.

## IV. CONCLUSION

We reverse the district court's decision affirming the juvenile court's holding that it lacked jurisdiction to rule on the State's waiver motion.

Chief Justice BURDICK, Justices EISMANN, J. JONES and Justice Pro Tem SCHROEDER, **CONCUR**.