# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40962

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 447 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 10, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PAUL EDWARD PARNELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order dismissing case without prejudice, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

The State charged Paul Edward Parnell with two counts of possession of a controlled substance and alleged that Parnell was a persistent violator. Thereafter, the State filed a motion to dismiss the charges because Parnell had been indicted by a federal grand jury for possession of an unregistered firearm and unlawful possession of a firearm. The district court granted the motion and entered an order dismissing Parnell's case without prejudice. Parnell appeals.

"Mindful of Idaho Criminal Rule 48 and the district court's apparent compliance therewith," Parnell contends the district court erred by dismissing his case without prejudice and requests that this Court remand his case for entry of an order of dismissal *with* prejudice. In relevant part, Rule 48 allows the court to dismiss a criminal action upon motion of a party for any reason the court concludes will "serve the ends of justice and the effective administration of

1

the court's business." In dismissing an action, the court is required to state its reasons for the dismissal in the order. I.C.R. 48(b). A Rule 48 dismissal does not bar subsequent prosecution of the same offense if it is a felony. I.C.R. 48(c).

In reviewing a claim of error in a Rule 48 dismissal, our standard of review is whether the trial court erred as a matter of law in dismissing the criminal action.[1] *State v. Swenson*, 119 Idaho 706, 708, 809 P.2d 1185, 1187 (Ct. App. 1991). On appeal, Parnell concedes that "the record's contents demonstrate[e] the district court's apparent compliance" with Rule 48. As such, we cannot say the district court erred. The order dismissing Parnell's case without prejudice is affirmed.

---

[1] An Idaho Criminal Rule 48 dismissal may also be reviewed for an abuse of discretion. *See State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004). Here, Parnell claims the district court "erred" and does not challenge the court's discretion.