**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 47158**

| | |
|---|---|
| In the Interest of:  John Doe, A Juvenile Now Over Eighteen (18) Years of Age. ) <br> -------------------------------------------------------- ) <br> STATE OF IDAHO, ) <br> ) <br>    Petitioner-Respondent, ) <br> ) <br> v. ) <br> ) <br> JOHN DOE (2020-24), ) <br> ) <br>    Defendant-Appellant. ) <br> _____ ) | **Boise, September 2020 Term** <br><br> **Opinion Filed: November 2, 2020** <br><br> **Melanie Gagnepain, Clerk** |

Appeal from the Court of the Sixth Judicial District of the State of Idaho, Bannock County. Mitchell W. Brown, District Judge. Bryan K. Murray, Magistrate Judge.

The district court's decision on intermediate appeal is <u>affirmed</u>.

David R. Martinez, Public Defender, Pocatello, for appellant. Kent Reynolds argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Andrew Wake argued.

_____

BRODY, Justice,

This appeal involves whether proceedings under the Juvenile Corrections Act (JCA) are "civil actions" subject to a civil statute of limitation. John Doe was a minor at the time the State alleges he committed two counts of lewd and lascivious conduct against a minor under the age of sixteen. Doe maintains his innocence, but argues that even if he did commit the acts alleged, the petition is time-barred under the four-year, catch-all limitation for civil actions found in Idaho Code section 5-224. The magistrate court (hereinafter "juvenile court") denied a motion by Doe to dismiss the petition as untimely, and thereafter granted the State's motion to waive Doe into adult proceedings. On intermediate appeal, the district court affirmed the decision of the juvenile court.

1

We, too, affirm because we hold that a JCA petition is not subject to the limitation in Idaho Code section 5-224.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to this appeal are largely undisputed. In June 2018, the State filed a petition in juvenile court alleging that Doe committed two counts of lewd conduct against a minor under sixteen years of age in violation of Idaho Code section 18-1508. Count I stemmed from an alleged offense against a one-year-old child between January 1, 2012, and January 1, 2013; Count II stemmed from an alleged offense against a four-year-old child committed between January 1, 2014, and January 1, 2015. Doe was between thirteen and sixteen years old when he was alleged to have committed the offenses, but was nineteen years old when authorities learned of the alleged conduct and twenty years old when the petition was filed.

On the same day the State filed its petition, the State filed a motion to waive jurisdiction under section 20-508 of the JCA so that Doe could be prosecuted in district court as an adult. Shortly before the hearing on the motion to waive jurisdiction, Doe filed a motion to dismiss the petition. In his motion, Doe argued that JCA petitions are subject to the four-year residual statute of limitation for civil actions set out in Idaho Code section 5-224. While there is an apparent dispute whether the State filed its petition within four years of the alleged conduct underlying Count II, it is undisputed that more than four years elapsed between the filing of the petition and the alleged conduct underlying Count I.

In August 2018, the juvenile court denied Doe's motion to dismiss and granted the State's motion to waive jurisdiction. Doe appealed to the district court from the grant of the motion to waive jurisdiction. Doe argued the juvenile court erred by denying his motion to dismiss and, therefore, should not have reached the motion to waive jurisdiction. In June 2019, the district court affirmed the decision of the juvenile court. Doe timely appealed to this Court.

## II.     STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its appellate capacity over a juvenile court, we examine the juvenile court record to determine whether substantial and competent evidence supports the juvenile court's findings of fact and whether its conclusions of law follow from those findings. *State v. Doe*, 156 Idaho 243, 322 P.3d 976 (2014). If so, and if the district court affirmed the juvenile court's decision, "we affirm the district court's decision as a

2

matter of procedure." *Id.* This Court exercises free review over questions of law. *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 581, 416 P.3d 951, 953 (2018).

While this case is an appeal from the decision of the district court affirming the juvenile court's decision to waive jurisdiction under the JCA, Doe has not contested any findings of fact nor conclusions of law with respect to the State's motion to waive jurisdiction. Rather, Doe argues the motion to waive jurisdiction should not have been reached by the juvenile court because the State's petition was barred by a civil statute of limitation. The determination of which statute of limitation applies in an action, if any, is a question of law. *Id.* Because the applicability of a statute of limitation is the dispositive issue in this appeal, we exercise free review.

### III. ANALYSIS

To begin, we address an argument by the State that we may decide this case without reaching the statute of limitation question at all. As noted above, Doe alleges no substantive error in the juvenile court's decision to grant the State's motion to waive jurisdiction. Instead, Doe maintains that the juvenile court should have granted Doe's motion to dismiss based on the statute of limitation in Idaho Code section 5-224, and, therefore, should never have considered the State's motion to waive Doe into adult proceedings. The State takes issue with the procedural premise of Doe's argument. Relying on *State v. Doe*, 156 Idaho 243, 322 P.3d 976 (2014) ("*Doe I*"), the State asserts that because statutes of limitation are not jurisdictional, the juvenile court was free to waive Doe into adult proceedings, even if it could not consider the merits of the petition.

We disagree that *Doe I* supports the State's argument. In *Doe I*, the State filed a petition in juvenile court against a twenty-two-year-old ("Doe (2012-10)"), alleging that when he was fifteen or sixteen years old he committed lewd and lascivious conduct against a child under sixteen. *Id.* at 244, 322 P.3d at 977. As in this case, the State concurrently filed a JCA petition against Doe (2012-10) and a motion to waive jurisdiction under the JCA. Doe (2012-10) filed a motion to dismiss the petition, arguing the juvenile court lacked jurisdiction under section 20-507 of the JCA. *Id.* That statute defines the scope of a juvenile court's jurisdiction over juvenile offenders after they reach adulthood:

> Jurisdiction obtained by the court in the case of a juvenile offender shall be retained by it for the purposes of this act until he becomes twenty-one (21) years of age, unless terminated prior thereto. If a juvenile offender under the jurisdiction of the court and after attaining eighteen (18) years of age, is charged with a felony, he shall be treated as any other adult offender. If a person eighteen (18) years of age or older already under court jurisdiction is convicted of a felony, that conviction

3

shall terminate the jurisdiction of the court, provided however, nothing herein contained shall prohibit any court from proceeding [to waive jurisdiction] as provided in section 20-508(2), Idaho Code.

I.C. § 20-507. While the final clause of section 20-507 provides for a juvenile court's retention of jurisdiction in order to waive an offender into adult proceedings where its jurisdiction has otherwise expired, the juvenile court found this only pertained to the class of juvenile offenders described in the same sentence—offenders already under the jurisdiction of the court who are convicted of a felony. Because Doe (2012-10) was not of this class, the juvenile court dismissed the petition against him, finding it could neither grant the state's motion to waive nor proceed against him as a juvenile. This Court reversed. We held that section 20-507 provides limited jurisdiction to waive offenders into adult proceedings in any case where the jurisdiction of the juvenile court would have otherwise expired. In other words, we held that aging out of the juvenile system before a petition is filed does not preclude the State from holding offenders accountable.

Here, to the extent Doe argues a civil statute of limitation should apply, the State is correct that civil statutes of limitation are not jurisdictional. *See Stuart v. State*, 149 Idaho 35, 45, 232 P.3d 813, 823 (2010). But rather than disposing of this case under *Doe I*, the State's argument highlights a distinction. The issue in *Doe I* was solely one of jurisdiction: the alleged offender was twenty-two and was already beyond the reach of the juvenile court except to hear a motion to waive jurisdiction. In this case, Doe was under twenty-one when the petition was filed against him and the juvenile court had jurisdiction to consider his motion to dismiss. We did not decide in *Doe I* whether a motion to waive jurisdiction may be granted despite the merits of a pending motion to dismiss, and because we hold the juvenile court properly denied the motion to dismiss, we decline to address the question here.

Turning to Doe's argument, Doe contends the juvenile court erred by denying his motion to dismiss and granting the State's motion to waive jurisdiction because the petition against him was barred under the statute of limitation in Idaho Code section 5-224. Title 5 of the Idaho Code is titled "Proceedings in Civil Actions in Courts of Record." Chapter 2 of Title 5 is titled "Limitation of Actions" and prescribes statutes of limitation for various civil causes of action. *See, e.g*, I.C. § 5-214a (statute of limitation for action to foreclose mortgage on real property); I.C. § 5-216 (written contracts); I.C. § 5-218 (trespass). Idaho Code section 5-224 is a "catch-all" provision, providing that "[a]n action for relief not hereinbefore provided for must be commenced within four (4) years after the cause of action shall have accrued." Finally, Idaho Code section 5-240 provides

that "[t]he word 'action' as used in this chapter is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature."

Noting that neither the JCA nor Chapter 2, Title 5 of the Idaho Code specifically provides a statute of limitation for JCA petitions, Doe's argument hinges on his contention that proceedings under the JCA are "special proceedings of a civil nature" subject to limitation under Idaho Code section 5-224. To support his characterization of JCA proceedings as civil actions, Doe relies on our decisions in *Hewlett v. Probate Court of Clearwater County*, 66 Idaho 690, 168 P.2d 77 (1946) and *Beale v. State, Department of Labor*, 139 Idaho 356, 79 P.3d 715 (2003). The State counters that even if this Court once regarded juvenile proceedings as civil in nature, Idaho appellate courts have since abandoned this view. In support, the State cites a number of cases where this Court or the Court of Appeals have referred to juvenile proceedings as "quasi-criminal," including *In Interest of Dunmire*, 100 Idaho 697, 699, 604 P.2d 711, 713 (1979); *Spaulding v. Children's Home Finding & Aid Society of North Idaho, Inc.*, 89 Idaho 10, 21, 402 P.2d 52, 59 (1965); *State v. Doe*, 130 Idaho 81 1, 814, 948 P.2d 166, 169 (Ct. App.1997).

We agree with the State; juvenile proceedings are quasi-criminal in nature. While JCA proceedings are neither wholly criminal, nor wholly civil, they are clearly more criminal-like than civil-like. For example, the JCA does not set forth offenses itself, but refers to criminal statutes to define the conduct bringing juveniles within its purview. *See* I.C. § 20-505. Additionally, once accused, many of the protections that inure to the benefit of criminal defendants inure to the benefit of alleged juvenile offenders. *See* I.J.R. 15(h) (providing that the state must prove its case beyond a reasonable doubt before an offender can be sanctioned); I.C. § 20-514 (providing that juvenile offenders are entitled to appointed counsel if they cannot afford an attorney); *Breed v. Jones*, 421 U.S. 519, 530 (1975) (holding that jeopardy attaches in juvenile proceedings for purposes of the 5th Amendment protection against double jeopardy). Finally, and perhaps most significantly, a juvenile charged in a JCA petition may face sanctions that closely resemble criminal sanctions, including extended confinement and probation. I.C. § 20-520.

In light of the similarities between juvenile proceedings and criminal proceedings, the cases cited by Doe cannot bear the weight Doe places on them. First, Doe cites *Hewlett* for its observation that juvenile proceedings are "civil and paternal in character." *Hewlett*, 66 Idaho at 695, 168 P.2d at 79. But *Hewlett* was decided three-quarters of a century ago and interpreted statutes preceding the predecessor to the JCA. *See* 1995 Idaho Sess. Laws 65 (amending, re-

codifying, repealing in part, and re-naming the Youth Rehabilitation Act ("YRA") to create the JCA); 1963 Idaho Sess. Laws 876 (enacting the YRA). While the passage of time itself does not render *Hewlett* inapplicable, that it interpreted materially different statutes does. Under the JCA, a juvenile court has jurisdiction where a child is alleged to have committed an act or omission "which would be a crime if committed by an adult." I.C. § 20-505. Under the delinquency laws in effect at the time *Hewlett* was decided, a court could exercise jurisdiction not only over a child accused of violating a law, but also over a child who was "incorrigible," who "enter[ed] a house of illfame," who "visit[ed] any poolroom," or who committed any other of several transgressions characteristic of wayward youth. *See Hewlett*, 66 Idaho at 694 n.1, 168 P.2d at 78 n.1; Act of March, 2, 1905, § 1, 1905 Idaho Sess. Laws 106 (repealed 1955)). Indeed, the issue in *Hewlett* was whether a complaint accusing a child *only* of conduct constituting a crime could bring the child within the purview of the delinquency laws. Thus, *Hewlett* does not support Doe's contention and is not helpful to our understanding of the JCA.

Doe also asserts that we recognized juvenile proceedings are civil in nature in *Beale*. Yet here, Doe directs our attention to dicta. *Beale* concerned whether a lien in favor of the Department of Labor obtained against an employer through an administrative procedure was subject to a statute of limitation governing certain civil actions. *Beale*, 139 Idaho at 358, 79 P.3d at 717 (discussing I.C. § 5-218(1)). We held the statute of limitation did not apply because an administrative proceeding is not commenced in a court and therefore is not a "civil action" within the meaning of the statute. *Id.* Doe is correct that a footnote in *Beale* includes juvenile delinquency actions in a list of "special proceedings of a civil nature." *Id.* at 359 n.3, 79 P.3d at 718 n.3. However, the obvious purpose of furnishing the list was not to reaffirm prior holdings, but to show that administrative proceedings were not among those previously denominated as civil. Moreover, *Beale* only cites *Hewlett* as authority for its characterization of juvenile proceedings. In sum, the passage in *Beale* relied upon by Doe is dicta, buried in a footnote, citing to an opinion that shines no light on the JCA.

Finally, Doe seeks to persuade us that juvenile proceedings must be characterized as civil to be consistent with the policies of the JCA. We disagree. The JCA declares its purposes to include protection of the community, accountability for the offender, competency development, and the inclusion of parents or legal guardians in the rehabilitation of juvenile offenders. I.C. § 20-501. But these policies are to be accomplished through the provisions of the JCA itself—as enacted by

the legislature—not by our classification of juvenile proceedings as civil or otherwise. Moreover, statutes of limitation themselves reflect policy determinations of the legislature. Statutes of limitation exist to balance the interest of the public in legal redress against interests in repose, in protecting individuals from having to mount a defense where evidence is obscured by time, and in encouraging prompt investigation by authorities. *See State v. Burchard*, 123 Idaho 382, 385, 848 P.2d 440, 443 (Ct. App. 1993). The legislature provided no limitation within the JCA for bringing a petition (beyond the jurisdictional provisions based on an offender's age), and we are not free to enact policy by inserting a statute of limitation where the legislature has not provided one. *E. Side Highway Dist. v. Delavan*, 167 Idaho 325, 470 P.3d 1134, 1150 (2019) ("[I]t is not within this Court's powers to read something into a statute that is not there."). Doe's counsel has raised a creative argument in their advocacy for their client, but it is unpersuasive in light of the JCA and our precedents. Therefore, we hold that the statute of limitation in Idaho Code section 5-224 does not apply to JCA petitions.

## IV.    CONCLUSION

The district court did not err when it affirmed the juvenile court's decision to deny Doe's motion to dismiss the State's petition against him as untimely. Because Doe asserts no other basis for error in the juvenile court's grant of the State's motion to waive jurisdiction, the decision of the district court is affirmed.

Chief Justice BURDICK, and Justices BEVAN, STEGNER, and MOELLER CONCUR.